IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOYCE POWE, etc., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 05-0296-WS-B |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| EDUCATION, ) | |
| ) | |
|     Defendant. ) | |

**ORDER**

    This matter is before the Court on the defendant's motion to dismiss. (Doc. 1). The parties have submitted briefs and other pleadings in support of their respective positions, (Docs. 1, 5, 7, 9, 12, 13), and the motion is ripe for resolution. After carefully considering the foregoing, and all other relevant materials in the file, the Court concludes that the motion is due to be granted.

    As amplified by her other filings, the plaintiff's complaint alleges that the defendant has failed to rectify a fraud perpetrated upon her in 1996 by a representative of the University of South Alabama ("USA") in connection with a student loan. The plaintiff asserts subject matter jurisdiction under 28 U.S.C. § 1346(a)(2), and the defendant concedes that jurisdiction exists under 20 U.S.C. § 1082(A)(2). The defendant, however, argues that the complaint fails to state a claim upon which relief can be granted. The Court agrees.

    "A motion to dismiss [for failure to state a claim] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004)(internal quotes omitted). "When considering [such] a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and the exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(internal quotes omitted).

    The complaint fails to allege any wrongdoing by the defendant. On the contrary, the complaint

alleges that it was USA and its representative that committed forgery, and its only allegation against the defendant is that it "has not paid [her]" for the wrongs allegedly perpetrated by these others. (Complaint, ¶ 1). Absent an allegation of wrongful conduct by the defendant, the plaintiff's complaint necessarily fails to state a claim upon which relief can be granted.[1] Accordingly, the motion to dismiss is due to be granted.

The plaintiff has not filed a motion for leave to amend her complaint. Ordinarily, such a failure would make it appropriate to dismiss without leave to file an amended complaint. *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)(en banc). Because the plaintiff is not represented by counsel, the Court will assume that the rule of *Wagner* does not apply.[2] Even so, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Insurance Co.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). Amendment is futile "when the complaint as amended is still subject to dismissal." *Id*. (internal quotes omitted). The futility doctrine applies, for example, when the amended complaint would assert a claim barred by the statute of limitations. *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).

"Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a).[3] Section 2401 "sets an outside limit on suits against the United States." *Edwards v. Shalala*, 65 F.3d 601, 605 (11th Cir. 1995). According to the complaint, any conceivable wrongdoing by the defendant occurred in 1996 and was known to the plaintiff in 1996. This lawsuit was filed in 2005, almost nine years later. Because any claim the plaintiff might seek to raise against the defendant accrued more than six years before she filed this lawsuit, amendment would

---

[1]As the Eleventh Circuit has repeatedly observed, "[p]leadings must be something more than an ingenious academic exercise in the conceivable." *Jackson v. BellSouth Communications*, 372 F.3d 1250, 1271 (11th Cir. 2004)(internal quotes omitted).

[2]*But see Cruz v. Aladro*, 129 Fed. Appx. 549, 550-51 (11th Cir. 2005)(applying *Wagner* to a prisoner unrepresented by counsel).

[3]The plaintiff has not sued under the Contract Disputes Act, and any such suit would have to be brought in the Claims Court rather than in this Court. 41 U.S.C. § 609.

be futile.[4]

      For the reasons set forth above, the defendant's motion to dismiss is **granted**. This case is **dismissed,** without leave to file an amended complaint.

      DONE and ORDERED this 25th day of August, 2005.

                                                    s/ WILLIAM H. STEELE  
                                                   UNITED STATES DISTRICT JUDGE

---

[4]The result is the same even assuming that equitable tolling applies to Section 2401(a), and even assuming that the plaintiff could carry her burden of showing that the statute of limitations should be tolled during the period of her 1999 lawsuit against the defendant and others. Exclusion of the 17 months from her filing that suit to the Eleventh Circuit's affirmance of the trial court's dismissal of the suit leaves an untolled period of over seven years.